## WEAVER POWER COMPANY v. ELK MOUNTAIN MILL COMPANY.

(Filed 20 December, 1910.)

**Corporations—Preferred Stock—Debtor and Creditor—Assets—Prorate.**

The issuance of preferred stock by a corporation does not create the relation of creditor and debtor between the owner thereof and the corporation so as to entitle him to prorate with the creditors in the assets of an insolvent corporation in the hands of a receiver.

APPEAL from *Councill, J.,* at October Term, 1910, of BUN-
COMBE.

This is a petition in the cause (a proceeding commenced for
the purpose of winding up the affairs of the Elk Mountain
Company, an insolvent corporation) filed by Mary A. Stewart
to have certain certificates set out in the record declared a debt
against the corporation, to the end that she may share *pro rata*
with creditors in its assets. His Honor sustained a demurrer to
the petition, and defendant appealed.

*J. D. Murphy for petitioner, appellant.*
*Bourne, Parker & Morrison for receiver, appellee.*

BROWN, J. The certificates set out in the record are substan-
tially in the usual form for preferred shares of stock in a cor-
poration, issued by authority of our statute, Rev., sec. 1159,
which authorizes corporations to issue two or more kinds of
stock of such classes, with such designations, preferences, and
voting powers, or restrictions or qualifications thereof, as shall
be presented by those holding two-thirds of the capital stock out-
standing.

At one time it was a matter of discussion as to whether a
preferred stockholder had any rights as a creditor of the cor-
poration or could properly be classified as such. But the law
is now clearly settled and beyond dispute that a preferred stock-
holder is not a creditor, and must be confined to his rights as a
stockholder. Cook on Corp. (6 Ed.), sec. 217, where the cases
are fully collected in the notes. *Field v. Lamson,* 27 L. R. A.,
136, and notes; *Warren v. King,* 108 U. S., 389; 2 Thompson
on Corp., secs. 2278 *et seq.;* 1 Machen on Modern Corp., secs.
540 to 548.

The difference between a creditor and a preferred stockholder
is well stated by *Judge Lurton,* now of the United States Su-
preme Court, in *Hamlin v. R. R.,* 78 Fed., 664. "There is a
wide difference," says the learned judge, "between the relation
of a creditor and a stockholder to the corporate property. One
cannot well be a creditor, as respects creditors proper, and a
stockholder by virtue of a certificate evidencing his contribu-

tion to the capital of the corporation. Stock is capital, and a stock certificate but evidences that the holder has ventured his means as a part of the capital. It is a fixed characteristic of capital stock that no part of it can be withdrawn for the purpose of reimbursing the principal of the capital stock until the debts óf the corporation are paid. These principles are elementary. *Warren v. King,* 108 U. S., 389, 2 Sup. Ct., 789; Cook Stock, Stockholders and Corp. Law (3 Ed.), sec. 271. The chance of gain throws on the stockholders, as respects creditors, the entire risk of the loss of his contribution to capital. He cannot be both a creditor and debtor by virtue of his ownership of stock. If the purpose in providing for these peculiar shares was to arrange matters só that, under any circumstances, a part of the principal of the stock might be withdrawn before the full discharge of all corporate debts, the device would be contrary to the nature of capital stock, opposed to public policy, and void as to creditors affected thereby. Cook Stock, Stockholders and Corp. Law (2 Ed.), 271; *Chaffee v. R. R.,* 55 Vt., 110; *McCutcheon v. Capsule Co.,* 19 C. C. A., 108-115, 71 Fed., 787; *Morrow v. Steel Co.,* 87 Tenn., 262, 10 S. W., 495. If that was the purpose of this arrangement, most doubtful language was employed. There is a sense in which every shareholder is a creditor of the corporation to the extent of his contribution to the capital stock. In that sense every corporation includes its capital stock among its liabilities. But that creditor relation is one which exists only between the corporation and its shareholders. It is a liability which is postponed to every other liability, and no part of the capital stock can be lawfully returned to the stockholders until all debts are paid or provided for. The violation of this well understood principle is a breach of trust, and a creditor affected thereby may pursue the stockholders, and recover as for an unlawful diversion of assets."

It is true that in the petitioner's certificates of stock it is provided that they "shall be a preferred lien on the assets of the company." But those words are to be construed along with the entire instrument, and it is manifest from the whole paper that the corporation never intended to place the petitioner in the

position of a creditor, but only to give her, and like stockholders, a preferred lien on the assets of the corporation when in liquidation over the common stockholders.

The judgment of the Superior Court is
Affirmed.