THE FARRISH-STAFFORD COMPANY v. CHARLOTTE COTTON
MILLS.

(Filed 27 November, 1911.)

Corporations, Insolvent — Factors—Contracts—Consideration—Preferred Stock—Debtor and Creditor—Distribution.

An agreement entered into by a manufacturing corporation and a factor provided that the latter should take a certain amount of preferred stock in the former, and so long as he held the stock he should sell at a certain commission the product of the corporation, the stock to be taken up by the corporation if the account was changed. By mutual consent this agreement was transferred by the factor to the plaintiff along with the preferred stock, and the corporation having become insolvent, the plaintiff seeks as a creditor a priority of payment of his stock to the other preferred stock issued by the corporation, there being insufficient funds after the payment of debts to pay this stock in full: *Held*, (1) the contract did not contemplate the insolvency of the corporation, and hence the question as to whether the corporation could thus retire its stock did not arise; (2) the plaintiff was not to be regarded as a creditor. He was entitled only to his pro rata part in the distribution of the funds with the other holders of the preferred stock.

APPEAL from *Adams, J.,* at October Term, 1911, of MECKLENBURG.

Civil action submitted upon an agreed state of facts. His Honor gave judgment for defendant, and plaintiff appealed.

*J. Crawford Biggs and F. L. Fuller for plaintiff.*
*Tillett & Guthrie for defendant.*

BROWN, J. The case agreed, which embraces much correspondence unnecessary to set out, discloses that Eldredge Lewis & Co., commission merchants of New York, were the factors of defendant, sold its product on commission, and advanced it money as its needs demanded. To retain defendant's business that firm became preferred stockholders in defendant corporation. By mutual consent the account was transferred to plaintiff, in consideration of which two hundred and fifty shares of preferred stock of defendant were issued to plaintiff, for which

it paid $25,000. It has held this stock for many years and received dividends at 7 per cent annually thereon, aggregating $7,000.

The defendant went into voluntary liquidation in May, 1908, under the provisions of section 1195 of the Revisal, and the directors, D. W. Oates, J. M. Oates, and R. M. Oates, became trustees in dissolution. These trustees have paid all the debts of the corporation and converted into money all of its assets, and are now prepared to distribute these assets among those entitled thereto. There is not a sufficient amount to pay the preferred stockholders in full. The question before the Court under the facts stated is whether the plaintiff is a stockholder and, therefore, entitled only to its ratable share of the assets, or whether the plaintiff is a creditor and entitled to be paid in full.

The contract or agreement between the parties is contained in their correspondence, the substance of which is that plaintiff on 29 August, 1903, in order to secure defendant's business and become its factor, offered to loan it $25,000 and take as collateral security the same amount in preferred stock. This proposition was declined, the defendant stating to plaintiff that it did not care to increase its indebtedness.

Thereupon plaintiff at once wired defendant to forward certificate for two hundred and fifty shares preferred stock, as check for same was being then mailed. At same time plaintiff wrote defendant confirming the telegram, and saying: "Our understanding of the agreement between us is as follows: We are to represent the entire production of your mill and receive as compensation therefor 5 per cent commission on all goods made and shipped, we to guarantee the accounts. We will remit you on the 15th and 1st of each month for all invoices in hand up to those dates. This arrangement to remain in effect just so long as we hold the $25,000 worth of preferred stock. Should you for any reason desire to change the account, you are to take up this stock at par."

It is unnecessary to consider the feature of the case so learnedly argued by counsel on both sides, as to the power of a corporation to redeem or retire the stock of one shareholder to the prejudice of others. It is elementary that a corporation

as a rule must treat all shareholders of the same class alike. We are of opinion that the plaintiff was never a creditor of the defendant for the $25,000, and is only a preferred stockholder and must share with the others of like class.

The contingency has never happened which is referred to in letter from which we have quoted, when according to the agreement the defendant could be called on to redeem the stock. Defendant's account has never been changed, or transferred from plaintiff to another factor. The defendant has continued to do business continuously with plaintiff from that date until it has ceased to manufacture. The record shows that at the time the defendant went into voluntary liquidation in May, 1908, the plaintiff had on hand a stock of goods of the defendant which it continued to sell and receive its commission until 23 October, 1909, when the last goods were sold. At the time of the sale of the last goods which the plaintiff had on hand, the account being balanced, disclosed that the plaintiff owed the defendant on account $946.31, and the plaintiff still owes this amount to the defendant on account.

The agreement did not mention the voluntary retirement of the defendant from business or its failure in business and subsequent insolvency. Those contingencies do not seem to have been in the contemplation or thoughts of either party. Evidently the plaintiff was willing to take the chances as to those.

We find nothing in the agreement which could prevent the defendant from going out of business, or which required it to take back the stock in case it did.

The judgment is

Affirmed.