## J. W. LASLEY v. THE WALNUT COVE MERCANTILE COMPANY.

### (Filed 19 May, 1920.)

1. **Corporations — Insolvency — Dissolution — Actions — Shareholders— Statutes.**

   The statutory provision allowing a shareholder and certain others to maintain his action to dissolve a corporation for nonuser of its powers for two years or more consecutively, Rev., 1196, is not affected by the later statute, ch. 147, Laws 1913, requiring that he should own one-fifth of the stock, or that the corporation has failed to earn certain dividends, etc.; for this applies to going concerns, nor does the principle apply which requires him to first make application to the management to take this course, for this relates to suits concerning corporate management; and the judge having the matter before him in the course and practice of the courts "has jurisdiction of all questions arising in the proceedings to make such orders, injunctions, and decrees therein as justice and equity shall require, at any place in the district."

2. **Same—Commissions—Sales—Mortgages—Trust Deeds—Foreclosure— Parties—Stay of Order to Sell.**

   Where a commissioner has been appointed by the court to sell the property of an insolvent corporation in a receiver's hands, and it appears that substantially the entire property has been advertised, and is about to be sold by a trustee under a deed of trust constituting a prior lien, the sale of the commissioner of the court will be stayed until the trustee and the lien creditor be made parties, and afforded an opportunity to be heard.

CIVIL ACTION to dissolve a corporation, heard on motion for receiver, etc., before *McElroy, J.,* on 4 October, 1919, from STOKES.

On the hearing the court finds, from the admissions in the pleadings and affidavits, that the Walnut Cove Mercantile Company is no longer exercising its powers under the charter, and has not done so since 1912; then gave judgment that plaintiff is entitled to the relief demanded in the complaint. That the corporation go into liquidation, and that John Hall be appointed receiver to take charge of its personal and real estáte, etc.

Later, at Fall Term, 1919, Superior Court, Stokes County, his Honor, Judge Bryson presiding, a further order was entered, appointing W. Read Johnston, Esq., to take and state an account of the business affairs of the company, with a view to the distribution of its assets, and appointing J. W. Hall as commissioner to make sale of the real and personal property of the company, and that all stockholders be notified of the proceedings. To this judgment, also, defendant excepted, and later, in this Court, defendant, on notice duly issued, obtained an order restraining action of said J. W. Hall as commissioner of sale until the rights of the parties could be determined on appeal, etc.

*J. D. Humphreys and E. B. Jones for plaintiff.*
*G. L. Jarvis and C. O. McMichael for defendant.*

HOKE, J. Our statute on corporations, Revisal, ch. 21, sec. 1196, provides for involuntary dissolution of a corporation at the instance of the corporation itself or of any stockholder or creditor or of the Attorney-General of the State.

1. For the abuse of its powers to the injury of the public or of the stockholders or of its creditors or debtors.

2. For nonuser of its powers for two years or more consecutively.

3. When it has become insolvent or shall suspend its ordinary business for want of funds or be in imminent danger of insolvency.

4. Conviction of a criminal offense if such offense be persistent. Where, on facts presented, the court has power, under the statute, to dissolve a corporation for the reasons stated, both in the exercise of its general equitable jurisdiction and by the express terms of the law, ch. 21, sec. 1204, the judge hearing the matter, according to the course and practice of the court, "has jurisdiction of all questions arising in the proceedings, and to make such orders, injunctions, and decrees therein as justice and equity shall require, and at any place in the district.

"In the present cause, properly constituted, it has been made to appear and the judge has found that the defendant corporation has not attempted to carry on its corporate business since 1912. The case, there-

fore, comes directly within the provisions of the statute, and no reason is alleged or shown why the dissolution should not be had as prayed for in the complaint.

"It is urged for defendant that, under the provisions of a subsequent statute, ch. 147, Laws 1913, an application of this character can be entertained only at the instance of stockholders owning one-fifth of the paid-up stock," etc., but a perusal of the law in question will show that it is intended to control and regulate suits for the dissolution of a corporation doing business as a going concern, and by reason of the fact that they have not earned for three years next preceding the filing of the petition in net dividend of 4 per cent, or who have not paid a dividend for six years, and clearly has no application to an action to dissolve a corporation for nonuse of its powers, the case presented on this record.

Again, it is insisted that plaintiff, a stockholder, cannot maintain the present suit because he has not shown or alleged that he first made application to the directors or management to take action in the matter, citing *Merrimon v. Paving Co.,* 142 N. C., 539, and other cases.

The principle approved in these decisions is recognized as to suits concerning corporation management, to collect corporate claims, or, in some way, to enforce or regulate corporate action, but has no application to a suit to dissolve a corporation for nonuser of the powers where, as in this instance, the right to proceed is conferred on the individual stockholder by express provision of the statute, and without regard to the amount of his holdings.

It will be noted that, in addition to the principal judgment providing for a dissolution, there has been an order entered appointing a commissioner to make sale of the property. There is doubt if the validity of this order is presented in the case on appeal. The judgment, however, appears in the record, and as it also appears in the complaint or affidavit of plaintiff that a creditor of the corporation has a debt of $3,000 and more, and perhaps others secured by deed of trust on all the real property of the corporation, and constituting its principal assets, which antidates the institution of the present action, and that the trustee had advertised for sale under the deed, we consider it well that the order heretofore issued from this Court staying present action of said commissioner, shall be continued till the creditor and his trustee shall be made a party and afforded opportunity to be heard.

On the question directly presented we find no error, and, with the modification suggested, the judgment of the lower court is

Affirmed.