KINSTON COTTON MILLS v. WACHOVIA BANK AND TRUST COMPANY.

(Filed 21 February, 1923.)

**1. Corporations—Preferred Stock—Contracts—Debtor and Creditor.**

> Preferred stock issued by an industrial corporation under the general law confers upon the holders a preference over the common stock, it being ordinarily the right to a fixed dividend to be paid out of the net earnings of the company before any dividend on the common stock is allowed, and frequently including this preference in the distribution of the corporate assets among the shareholders in case of dissolution, etc., the relation thus established between the different classes of stockholders being largely one of contract with the company, subordinate always to statutory or charter provisions controlling the matter.

**2. Same.**

>    Where preferred shares of stock are issued by an industrial corporation under powers conferred upon it in general terms, the holders may not be regarded as corporate creditors, or given a position superior to such creditors, for they are but a part of the company, and cannot occupy the position both of creditor and debtor towards the company.

**3. Same—Preference.**

>    The holders of preferred stock in an industrial corporation cannot be given a priority over its creditors by contract with the directors acting under general powers, but only by virtue of legislative authority clearly and definitely conferred.

**4. Same—Liens—Mortgages—Bonds.**

>    Where an industrial corporation has amended its charter under our general laws, ch. 22, art. 2, passed in pursuance of our Constitution, Art. VIII, sec. 1, etc., and thereunder issues stock preferred over the common stock as to dividends, and the distribution of its assets in case of dissolution, the purchasers of such preferred stock can acquire no lien superior to that of a mortgage bond regularly issued by the corporation, whether such mortgage lien were created before or after the issuance of the preferred stock.

>    CLARK, C. J., concurs in result.

CONTROVERSY without action, submitted and heard by consent before *Brock, J.,* at Wadesboro, N. C., 1 December, 1922.

On perusal of the record, it appears that plaintiff, a business corporation, professing to act under powers conferred by its charter, have contracted to issue bonds to amount of $200,000, secured by a deed of trust on the property and franchise of plaintiff company, which said bonds and deed of trust shall be a valid first lien and mortgage on the property of the company, both as to principal and interest, above any possible lien or claim on its assets by reason of the preferred stock issued now or hereafter under an amendment to its charter hereinafter set out. Defendant has agreed to take said bonds under the terms referred to, and the question submitted is whether said bonds so secured shall constitute a first lien as stipulated. The court being of opinion that said bonds and interest and mortgage to secure same will constitute such first lien, etc., entered judgment that defendant comply with its contract, and defendant excepted and appealed.

*Cowper, Whitaker & Allen for plaintiff.*
*Manly, Hendren & Womble for defendant.*

HOKE, J. On the hearing it was further made to appear that plaintiff is an industrial corporation, organized and doing business under and by virtue of a charter granted in accord with the Constitution and general

statutes controlling the matter. Constitution, Art. VIII, sec. 1, etc., and C. S., ch. 22, art. 2, etc., and that on 14 February, 1920, its said charter, in reference to the issuing of preferred stock, was duly and properly amended so as to read as follows: "That further said article four of said certificate of incorporation be changed and amended by providing for the creation of preferred stock as well as and in addition to the common stock, by adding the following to said article: That in addition to the aforesaid common stock hereinbefore authorized the said Kinston Cotton Mills is also authorized to issue not to exceed $350,000, divided into 7,000 shares of the par value of $50 per share each of cumulative preferred stock. That said preferred stock may be issued as and when the board of directors in their discretion shall determine to so issue same, and shall entitle the holder or holders thereof to receive out of the surplus of the net earnings of said corporation, and said corporation shall be bound to pay thereon, as and when declared by said board of directors, a dividend at such rate and at such time or times per annum as shall be determined by said board of directors, which shall be set apart and paid before any dividends on the common stock, and which shall be a first lien and priority upon all the assets, real and personal, of said corporation, all of which shall be fully provided for by said board of directors, together with all and any other preferences, terms, conditions and stipulations in reference thereto as may be determined and directed by said board of directors of said corporation. That said preferred stock may be issued in such series and amounts, and at such time or times, and shall mature and be retired in such manner as said directors may deem wise and proper, but said corporation shall at all times hereafter have the power and be allowed to issue and have outstanding preferred stock as hereinbefore described, not to exceed at any one time the amount hereinbefore authorized. Provided, however, that whenever a dividend is declared and paid on the preferred stock and any and all series thereof as hereinbefore set forth, the directors shall, if in their judgment the surplus or net profits, after deducting the amount of the dividends to accrue and be paid on such preferred stock during the current year, shall be sufficient for such purpose, have the full power then or thereafter to declare and pay a dividend on the common stock of said corporation.

"In case of liquidation or dissolution or distribution of the assets of said corporation, the holders of the preferred stock herein provided for, or any series or issues thereof, shall be paid the principal amount of their preferred shares and the amount of dividends accumulated and unpaid thereof (which shall be secured and have priority and lien as above set forth) before any amount shall be payable to the holders of the common stock."

That acting under the powers so conferred, plaintiff has issued and sold preferred stock to the nominal amount of $130,000, which is now outstanding, and the purchasers of same were given and now hold certificates of their respective shares, which in form substantially comply with the above amendment, and with section 1156 of said chapter 22, the section more directly relevant to such an issue, and, among others, containing in the face of the certificate stipulations as follows: "The holders of this preferred stock are entitled to receive and the corporation is bound to pay a yearly dividend of seven per cent per annum, said dividend to be paid semiannually on 1 June and 1 December of each year succeeding the date hereof, out of the net earnings of said corporation, which said dividends shall be set apart and paid before any dividends on the common stock, and shall be a first lien and priority upon the assets, real and personal, of said corporation, as fully provided for such preferred stock authorized under the aforesaid amendment to the certificate of incorporation and set forth in resolution of the board of directors under date of 3 March, 1920." And said plaintiff proposes to issue further shares of said stock in pursuance and within limits of the above resolution. Upon these the facts chiefly pertinent it is contended by defendant that plaintiff is not in a position to comply with their contract stipulating for a superior lien on the corporate assets, and by reason chiefly of the clause in the amended charter declaring that the holder of this stock, out of the surplus of the net earnings and when determined upon and set apart by the board of directors, shall be entitled to the stipulated dividends before any dividends may be paid on the common stock and giving to such holders in further security for such dividends only "a first lien and priority on all the assets, real and personal, of the corporation, all of which shall be provided for by said board of directors, together with all and any other preferences, terms, conditions, and stipulations in reference thereto as may be determined and directed by said board of directors, etc.," but, on the facts presented, the position cannot be sustained. Preferred stock, as the term indicates, is designed to give the holders some preference over the common stock, and ordinarily is met by conferring upon such holder the right to a fixed dividend out of the net earnings of the company, when such dividend has been properly declared by corporate authority and due and payable before any dividends on the common stock is allowed. Not infrequently this preference is extended to giving the holders, as in this case, priority over the common stock, in distribution of the corporate assets in case of dissolution, and there are other preferences permissible, the question as between the different classes of stockholders being largely one of contract with the company, subordinated always to statutory or charter provisions controlling the matter, but where such stock is issued under powers con-

ferred upon the company in general terms, the holders may not be regarded as corporate creditors, nor can they by contract with the directors be given a superior position to the detriment of creditors. Under the conditions suggested they are but a part of the company, and as said in some of the cases on the subject, if these holdings are in fact and truth preferred stock, the holders cannot occupy the position both of creditor and debtor towards the company. These positions are in accord with authority very generally prevailing, and with our own decisions so far as they have dealt with the subject. *Farrish v. Cotton Mills,* 157 N. C., 188; *Power Co. v. Mills Co.,* 154 N. C., 76; *Warren v. King,* 108 U. S., 389; *Lloyd v. Pa. Electric Co.,* 75 N. J. Eq., 263; *Black v. Hobart Trust Co.,* 64 N. J. Eq., 415; *Hamlin v. Toledo Trust Co.,* 78 Fed., 664; *Spencer v. Smith,* 201 Fed., 647; 1 Cook on Corporations (7 ed.), sec. 271; Clark on Corporations, pp. 365-367; 14 C. J., p. 416. There are, it is true, cases where holders of these certificates under the term of preferred stock have been given priority even over creditors, but this, as stated, may not be done by mere contract with the directors acting under general powers, but only by virtue of legislative authority clearly and definitely conferred. An instance being the case of *Heller v. Marine Bank,* 89 Md., 602, reported, also, in 73 A. S. R., p. 212, with a full and informing editorial note on the subject. But no such conditions are presented in the case before us; on the contrary, it appears that these holdings are in terms and effect preferred stock, having the right to a fixed dividend out of the net earnings when declared by the directors, and to a further preference over the common stock in any distribution of the assets, and considering the record in view of the authorities heretofore cited, and the principles they approve, the language and purport of the body of the amendment, together with the closing paragraph by which these certificates are clearly subordinated to creditors in any distribution of the assets, we are of opinion that the effect and purpose of said amendment and the certificates issued in pursuance thereof is not to create any lien or priority of any kind as against creditors, but only to establish an additional preference as between the different classes of stock, and approve and affirm, therefore, the decision of the court below that defendants comply with their contract.

Affirmed.

CLARK, C. J., concurs in result.