B. C. WAY AND B. P. WAY v. CARTERET ICE, TRANSPORTATION AND STORAGE COMPANY AND MOREHEAD CITY SEA FOOD COMPANY.

(Filed 10 October, 1923.)

**Evidence—Instructions—Appeal and Error.**

> This action presents the issue as to whether the plaintiffs were entitled to take cash for their stock in the defendant corporation absorbed by its co-defendant, under offer to sell by the one and acceptance by the other by respective resolutions of each, in evidence and undisputed, giving the plaintiffs this option, with further evidence that the plaintiffs had elected to take cash for their shares of stock so absorbed: *Held,* the plaintiffs' testimony that they had elected to take the cash was material and relevant to the issue, and properly admitted in evidence; and, their being no conflicting evidence as to their right to make this selection, an instruction to that effect was not erroneous.

CIVIL ACTION, tried before *Grady, J.,* and a jury, at January Term, 1923, of CARTERET. Appeal by defendants.

*Charles L. Abernathy and C. R. Wheatley for plaintiffs.*
*Julius F. Duncan, for defendants.*

CLARKSON, J. The action against the defendant, Carteret Ice, Transportation and Storage Company (hereafter called Ice Company), was before this Court at Fall Term, 1922. The Ice Company filed a demurrer, which was sustained by the court below, and the plaintiffs appealed to this Court. The Morehead City Sea Food Company (hereafter called Sea Food Company) also filed a demurrer in the court below, which was overruled and leave given it to answer over. The demurrer of the Ice Company in this Court was overruled and both companies given leave to answer over. *Way v. Sea Food Co.,* 184 N. C., 171. The law and facts are fully set forth in that opinion, in which *Walker, J.,* says: "It seems from the allegations of the complaint, admitted in law by the demurrer, that before this action was brought the

plaintiffs notified the defendants that they would elect to take cash for their stock, and demanded payment of it, the other stockholders, except one, B. C. Way, having elected to take stock in the Ice Company in exchange for the stock held and owned by them in the Sea Food Company. It appears further that the latter company has sold or disposed of all its property, and has further been taken over and absorbed by the Ice Company. The terms of the agreement between the two companies and their stockholders makes the cash, which each stockholder of the Sea Food Company elects to take for his stock in that company, directly payable to him and not to his company, and this clearly gives him the right to sue for the same if it is not paid to him on proper demand for the same. There is here not only an express promise by the Ice Company to pay the money for the stock at par value, that is, so many dollars for each share, but the Ice Company has received the property and assets of the Sea Food Company as a consideration for the promise so made by it. It cannot hold the property and repudiate its promise, but the law will exact full performance of the same. The case, in principle if not in form, is not unlike that of *Friedenwald Co. v. Tobacco Works,* 117 N. C., 544, the facts of the two cases being substantially alike."

The Ice Company and the Sea Food Company both filed answers to the plaintiffs' complaint. The case came on for hearing, and the court below submitted the following issue to the jury:

"Did the plaintiffs or either of them elect to accept stock in the Carteret Ice, Transportation and Storage Company for their interest in the purchase price of the lands and property conveyed to said Carteret Ice, Transportation and Storage Company, under the contract referred to in the pleadings?" The jury answered "No."

The court charged the jury as follows:

"I construe that contract to mean that they were entitled to receive cash for their stock for their interest in this transaction, and that they should have been paid cash under their option unless they had elected to take stock, and I charge you they never notified them that they would take stock."

The defendants filed seven exceptions: The first was to allowing the witness, B. P. Way, to be asked and to answer:

"Q. I will ask you, Mr. Way, did you at any time authorize or consent for anybody to take stock in the Ice Company instead of cash, concerning this transaction, for your part or your brother's? Answer: 'No, sir, I did not accept the stock or authorize them to accept stock.'"

This exception goes to the heart of this action. The decision by *Walker, J., supra,* disposes of this exception and it cannot be sustained.

15—186

The complaint set forth fully all the allegations plaintiffs relied on as giving them a cause of action against the defendants. The defendants filed demurrers. In the court below the Sea Food Company's demurrer was overruled with leave to answer over and the Ice Company's demurrer was sustained, and plaintiffs appealed to this Court. This Court overruled the demurrer with leave to both to answer over. Defendants filed answers. The question asked the witness Way was to the material allegation as the basis of the cause of action which this Court said was a good cause of action.

The other exceptions are to the refusal of the court below to nonsuit; the issue submitted; the charge of the court; and refusal to set aside verdict and judgment of court. None of these exceptions can be sustained.

The Sea Food Company regularly, by its proper officials, passed the following resolution:

"Resolved that, whereas, after full and free discussion of the condition of the company, and the outlook for the future business interests of the company, it is deemed wise and for the best interests of the stockholders to dissolve the company, and in order to do so it must dispose of its holdings; therefore be it resolved that we offer to the Carteret Ice, Transportation and Storage Company all this company's holdings of real estate, on which is located the ice factory, cold storage, packing house, sidetracks and water front, with riparian rights of the same, free from all encumbrances and claims of all person or persons whomsoever. Possession to be given 1 December, 1919, for the sum of $40,000 cash. This option to be valid and binding until 1 November, 1919. The stockholders of the company hereby reserve the right to take stock in the consolidated company as their interest may appear from the records of this company."

The Ice Company regularly, by its proper officials, passed the following resolution:

"Resolved, that the proposition of the Morehead City Sea Food Company, to sell its real estate holdings as reported by the directors to this meeting, for the price of $40,000, *payment to be made in cash, or in lieu thereof to such stockholders of the Morehead City Sea Food Company as may elect to take stock of this company, at par,* be and the same is hereby accepted; and the directors of this company are hereby authorized and directed to carry out and complete the purchase and transfer of said properties." (Italics ours.) The sale was duly consummated.

The evidence of both B. C. Way and B. P. Way was to the effect that they elected to take cash instead of stock, and made demand for the cash. The defendants introduced three witnesses, men of high charac-

ter. From a careful perusal of their evidence it was not in conflict with the evidence of the Ways, and to some extent corroborative. The court below took this view. The contracts between the Sea Food Company and the Ice Company, as shown by the resolutions, were admitted by all.

The court below was warranted, from the law and evidence, in making the charge as set out in the record. From a careful review of the whole record, the court can find no error that would entitle defendants to a new trial.

No error.